UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 09-30-GWU

LARRY HOLT,                                                                                    PLAINTIFF,

VS.                                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                       DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

    in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984); <u>Walters v. Commissioner of Social Security</u>, 127 F.3d 525, 531 (6th Cir. 1997).

 Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

 One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

2

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

09-30  Larry Holt

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.

4

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

09-30 Larry Holt

## DISCUSSION

The plaintiff, Larry Holt, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of left shoulder osteoarthritis/tenosynovitis/adhesive capsulitis (status post recent surgery), Type II diabetes mellitus, and obesity. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Holt retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 20-24). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE a series of hypothetical questions. Ultimately, he inquired whether a person of the plaintiff's age, "limited" education, and history of unskilled work could perform any jobs if he were limited to "light" level exertion, and also had the following non-exertional restrictions. (Tr. 285-6). He: (1) could not crawl, work at unprotected heights or climb ladders, ropes, or scaffolds; (2) could only occasionally stoop, kneel, crouch, or climb ramps and stairs; and (3) could only occasionally perform work requiring forceful use of the legs or reaching above the shoulder level with the left arm. (Id.). The VE responded that there were jobs that such a person could perform, which did not require reading, writing, or mathematics, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 286-7).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

Mr. Holt, a 50-year-old man (at the time of the April 14, 2008 administrative hearing) with a 10th grade education, alleged disability beginning July 10, 2005 due to constant back pain and an inability to read and write well. (Tr. 69, 252-3). He alleged that he could only read some street signs and could not read a newspaper or look up the name in a telephone book, and had quit his most recent job driving a forklift in a warehouse because the company was adding electronic scanners and he felt he could not learn to do a job involving a computer. (Tr. 254-6). He described the main reason that he was unable to work, however, as constant pain from "five herniated discs" in his back, as well as uncontrolled diabetes. (Tr. 260). Left shoulder surgery had been performed a few weeks previously "to break it free," but it still hurt. (Tr. 260-1). He could reach with his right arm but not to a great extent with his left arm. (Tr. 266). He had a problem with the skin on his hands splitting and cracking, and did not understand the reason. (Tr. 262). His physicians kept increasing his diabetes medication because it was not under control. He testified that he could lift only three to five pounds, stand for 10 or 15 minutes, could not sit long without changing positions, and was able to walk only half a block or less. (Tr. 264-5). Mr. Holt's live-in girlfriend essentially corroborated his testimony. (Tr. 276-81).

09-30  Larry Holt

Although the plaintiff submitted medical evidence reflecting treatment for all the conditions he named, no treating or examining source provided any functional assessment.  He was treated beginning in 2005 for sudden low back pain, but an x-ray showed primarily degenerative changes, and an MRI showed good preservation of disk space heights and no stenosis, although there were small to moderate protrusions at two levels.  (Tr. 126-7, 129-32).  An MRI of the cervical spine in 2007 showed mild disk bulges at several levels with no evidence of herniation or stenosis.  (Tr. 192).  Mr. Holt was repeatedly referred to a specialist for a trial of epidural steroid injections, but never obtained them.  (Tr. 124-5, 201, 204). Medication for his diabetes was steadily increased, but no end organ damage or other physical limitations were identified.  (E.g., Tr. 195, 198, 204). Topical medications were prescribed for psoriasis on the plaintiff's hands, with "complete recovery" reported within 10 days, although the problem returned when the medication was discontinued. (Tr. 195).  Complaints of left shoulder pain led to an MRI which showed possible adhesive capsulitis (Tr. 191), and a cortisone shot was only temporarily effective (Tr. 187, 190).  As previously noted, Mr. Holt testified that surgery had been performed on this joint shortly before the hearing, but there is no medical record of the procedure or its outcome.

A state agency physician, Dr. John Rawlings, reviewed the evidence as of March 8, 2006, and concluded that Mr. Holt could lift 50 pounds occasionally and 25 pounds frequently and occasionally climb ladders, ropes, and scaffolds.  (Tr.

09-30  Larry Holt

175-81).  No greater physical limitations are given by any medical source, and the ALJ gave the plaintiff the benefit of the doubt in restricting him to light level work with additional non-exertional restrictions.

The plaintiff argues on appeal that his frequent need to alternate positions from sitting to standing would erode the occupational base, but such a need was not established in the medical evidence.  The plaintiff also argues that he made medical office visits 21 days in 2006, and also made frequent visits in subsequent years, which would cause him to miss work more than one day a month.  He notes that the VE testified that absenteeism more than one day a month would prevent sustained employment.  (Tr. 288).  However, no showing was made that after-hours appointments would not have been available or that some other accommodation could not have been made.  Accordingly, this argument is without merit.

The plaintiff alleges that the ALJ did not provide any limitations due to his psoriasis.  As previously mentioned, medication appeared to resolve the problem, and once again there is no medical evidence of specific limitations.  The ALJ reasonably found it to be non-severe.

The plaintiff further asserts that the ALJ erred in not crediting the testimony of his girlfriend.  While perceptible weight must be given to lay testimony where it is supported by reports from treating physicians, Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1054 (6th Cir. 1983), Mr. Holt's girlfriend's

09-30  Larry Holt

testimony is not any better supported by objective findings than is his own. There was no error in failing to give it greater weight.

Finally, the plaintiff argues that the ALJ improperly evaluated his subjective complaints of pain. The ALJ specifically noted the two-step standard for evaluating subjective pain set out in Duncan, supra, and found that while his medically determinable impairments could reasonably be expected to produce the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible due to the lack of physical findings to support them as well as the lack of indication in the medical records of even complaints of such severe restrictions on daily activities. This finding was reasonable.

The decision will be affirmed.

This the 19th day of November, 2009.

Signed By:
G. Wix Unthank
United States Senior Judge